1  ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
   TRUEBLOOD LAW FIRM
2  10940 Wilshire Boulevard, Suite 1600
   Los Angeles, California 90024
3  Telephone:  (800) 616-9325
   Facsimile:  (800) 616-9325
4  Email: alec@hush.com

5  Attorneys for Plaintiff
   LISA KREJCI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA KREJCI, | Case No: 2:23-cv-6709 |
| Plaintiff, | **COMPLAINT FOR VIOLATIONS OF:** |
| vs. | **1. The Fair Credit Reporting Act** |
| NATIONAL CREDIT SYSTEMS, INC., and TRANS UNION LLC, | **2. The Fair Debt Collection Practices Act** |
| Defendants. | **3. The Consumer Credit Reporting Agencies Act** |
| | JURY TRIAL DEMANDED |

COMPLAINT

Plaintiff Lisa Krejci hereby complains against defendants National Credit Systems, Inc. ("NCS"), and Trans Union LLC ("Trans Union"), and alleges as follows:

## OPERATIVE FACTS

1. This case is brought for violations of the Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act, and parallel state laws.

2. Plaintiff ended her lease at an apartment complex and paid all amounts she owed to the landlord, Parc 410 Apartments. Nevertheless, Parc 410 referred the account to a debt collection agency, defendant National Credit Systems, Inc., claiming erroneously that plaintiff owed $138.07. In fact, plaintiff had met all her financial obligations to Parc 410, including the alleged $138.07, before Parc 410 ever referred the account to NCS.

3. Defendant NCS began reporting to the three major credit reporting agencies that plaintiff owed an unpaid debt of $138.07. Plaintiff submitted written requests for reinvestigation to the three major credit reporting agencies, including defendant Trans Union, as to the account, and included documentary proof of her payment to Parc 410, made before the collection assignment. Two of the three major credit reporting agencies, Experian and Equifax, responded appropriately, by deleting the account from plaintiff's credit reports. However, defendant Trans Union responded by keeping the account on plaintiff's credit report, and changing it to a "paid collection" with a zero balance. This information was inaccurate and derogatory, because the account had never been owed in the first place, no money had been paid in collections, and the account never should have been in collections.

4. Subsequent to plaintiff's request for reinvestigation, Trans Union failed to note in plaintiff's consumer credit report that plaintiff disputed the information concerning the NCS account. NCS also failed to notate plaintiff's dispute in its communications with the credit reporting agencies.

5. In preparing plaintiff's consumer credit reports, and in violation of the

FCRA, Trans Union did not follow reasonable procedures to assure the maximum possible accuracy of the information it was compiling or providing about plaintiff.

6. After plaintiff's reinvestigation request, Trans Union did not conduct a reasonable reinvestigation to determine whether the disputed information was accurate, did not record the current status of the disputed information, and/or did not delete the item from plaintiff's credit file.

7. Defendant NCS received notice from Trans Union of plaintiff's request for reinvestigation, and in violation of the FCRA: (1) failed to conduct a reasonable investigation with respect to the disputed information, and/or (2) failed to review all relevant information provided by Trans Union, and/or (3) failed to report the results of its investigation to Trans Union, and/or (4) failed to report to all other credit reporting agencies to which it had furnished information about the disputed account, the results of its investigation, and/or (5) failed to delete or block the inaccurate information, and/or (6) failed to report that plaintiff disputed the account.

## JURISDICTION AND VENUE

8. The court has original jurisdiction over this matter pursuant to 15 U.S.C. § 1681p, and 15 U.S.C. 1692k(d).

9. Venue is proper in the Central District of California under 28 U.S.C. § 1391(b) because all defendants are residents of this state and district, under 28 U.S.C. § 1391(c)(2).

## PARTIES

10. Plaintiff is a natural person over the age of 18 years and is a resident of the state of California.

11. Defendant National Credit Systems, Inc. is a Georgia corporation with its principal place of business in Atlanta, Georgia.

12. Defendant Trans Union LLC is a Delaware limited liability company with its principal place of business in Chicago, Illinois.

# FIRST CAUSE OF ACTION
**(Against All Defendants for Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.)**.

13. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

14. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c). Defendants are "persons" as defined by 15 U.S.C. § 1681a(b). Defendant Trans Union is a "consumer reporting agency" as defined at 15 U.S.C. § 1681a(f).

15. Defendant Trans Union violated 15 U.S.C. § 1681i, as alleged above.

16. Defendant Trans Union violated 15 U.S.C. § 1681e(b), as alleged above.

17. Defendant NCS violated 15 U.S.C. § 1681s-2(b), as alleged above.

18. Defendants' violations were willful.

19. In the alternative, defendants' violations were negligent.

20. Plaintiff has suffered actual damages as a result of defendants' violations, and is entitled to recover such actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

21. Plaintiff is entitled to actual damages or damages of between $100 and $1000, whichever is greater, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

22. Plaintiff is entitled to recover punitive damages pursuant to 15 U.S.C. § 1681n.

23. Plaintiff is entitled to recover the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. §§ 1681n and 1681o.

WHEREFORE, plaintiff prays for relief as set forth below.

# SECOND CAUSE OF ACTION
**(Against Defendant NCS for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**.

24. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

25. Plaintiff is a "consumer" who allegedly owed a "debt", and defendant

3

NCS is a "debt collector", as those terms are defined at 15 U.S.C. § 1692a. Defendant NCS uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

26. Defendant NCS violated 15 U.S.C. § 1692e(8) by communicating to the credit reporting agencies credit information about plaintiff which was known, or should have been known, to be false, including failing to report that a disputed debt is disputed.

27. Defendant NCS violated 15 U.S.C. § 1692f(1) by attempting to collect from plaintiff amounts that were not owed, either under contract or applicable law.

28. Plaintiff is entitled to any actual damages sustained by her as a result of defendant's conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k.

29. Plaintiff is entitled to $1,000 in statutory damages against defendant NCS pursuant to 15 U.S.C. § 1692k. Defendant committed its violations willfully and knowingly, and has frequently and persistently failed to comply with the FDCPA. The nature of defendant's violations justifies the maximum statutory damages award available.

30. Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

### THIRD CAUSE OF ACTION
**(Against Defendant NCS for Violations of the California Consumer Credit Reporting Agencies Act, Cal. Civil Code § 1785.1 et seq.)**

31. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

32. Defendant NCS violated Civil Code § 1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting

4

COMPLAINT

agency when it knew or should know have known the information was incomplete or inaccurate.

33. Plaintiff has suffered actual damages as a result of defendant's unlawful acts, including but not limited to court costs, attorneys fees, and pain and suffering.

34. Defendant's violations of the Consumer Credit Reporting Agencies Act were negligent, entitling plaintiff to recover actual damages pursuant to Civil Code § 1785.31.

35. Defendant's violations of the Consumer Credit Reporting Agencies Act were willful, entitling plaintiff to recover punitive damages of up to $5,000 for each violation, and any other relief the court deems proper, pursuant to Civil Code § 1785.31.

36. Plaintiff is entitled to an award of attorneys fees and costs pursuant to Civil Code § 1785.31(d).

WHEREFORE, plaintiff prays for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages;
2. For statutory damages;
3. For punitive damages;
4. For pre-judgment interest to the extent permitted by law;
5. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
6. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury under the United States and California constitutions.

Dated:  August 16, 2023

Respectfully Submitted,

TRUEBLOOD LAW FIRM

By: _____/s/_____
Alexander B. Trueblood

Attorneys for Plaintiff
LISA KREJCI