Ritika Singh (State Bar No. 329197)
rsingh@qslwm.com
Quilling, Selander, Lownds,
Winslett & Moser, P.C.
6900 N. Dallas Parkway, Suite 800
Plano, TX 75024
(214) 560-5442
(214) 871-2111 Fax
**Counsel for Trans Union LLC**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA KREJCI,<br><br>                    Plaintiff,<br><br>v.<br><br>NATIONAL CREDIT SYSTEMS, INC., and TRANS UNION LLC,<br><br>                    Defendants. | Case No. 2:23-cv-06709-MEMF-RAO<br><br>Hon. Maame Ewusi-Mensah Frimpong<br><br>**DEFENDANT TRANS UNION LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** |

Trans Union LLC ("Trans Union"), by and through its attorneys Quilling, Selander, Lownds, Winslett & Moser, P.C., hereby answers Plaintiff's Complaint ("Complaint"). The paragraph numbers below correspond to the paragraph numbers contained in Plaintiff's Complaint to the extent possible.

## OPERATIVE FACTS

1. Trans Union denies that it violated the FCRA (or any other law). Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

6630646.2

2. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

3. Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

4. Trans Union denies that it violated the FCRA (or any other law). Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

5. Trans Union denies the allegations contained in this paragraph.

6. Trans Union denies the allegations contained in this paragraph.

7. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**JURISDICTION AND VENUE**

8. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

9. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

**PARTIES**

10. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

6630646.2

11. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

12. Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

## FIRST CAUSE OF ACTION
### (All Defendants)

13. Trans Union reasserts its answers and responses set forth herein.

14. Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

15. Trans Union denies the allegations contained in this paragraph.

16. Trans Union denies the allegations contained in this paragraph.

17. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

18. Trans Union denies the allegations contained in this paragraph.

19. Trans Union denies the allegations contained in this paragraph.

20. Trans Union denies the allegations contained in this paragraph.

21. Trans Union denies the allegations contained in this paragraph.

22. Trans Union denies the allegations contained in this paragraph.

23. Trans Union denies the allegations contained in this paragraph.

WHEREFORE: Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## SECOND CAUSE OF ACTION

### (NCS)

24. Trans Union reasserts its answers and responses set forth herein.

25. Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

26. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

27. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

28. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

29. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

30. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

6630646.2

WHEREFORE: Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

### THIRD CAUSE OF ACTION

### (NCS)

31. Trans Union reasserts its answers and responses set forth herein.

32. Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

33. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

34. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

35. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

36. Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations

6630646.2

asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

WHEREFORE: Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## PRAYER FOR RELIEF

Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## DEMAND FOR JURY TRIAL

Trans Union admits that Plaintiff demands a jury trial. Trans Union denies the remaining allegations contained in this paragraph.

## DENIAL OF ANY REMAINING ALLEGATIONS

Except as expressly admitted herein, Trans Union denies any remaining allegations contained in the Complaint.

## DEFENSES

37. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

38. Any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

39. Trans Union, in compliance with the FCRA, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

40. Trans Union at all times acted in compliance with the FCRA.

41. Plaintiff's common law and/or state law claims are barred/preempted by the qualified immunity/privilege granted by the FCRA and state law.

6630646.2

42. Some or all of Plaintiff's claims against Trans Union are barred by the applicable statute of limitations.

43. Plaintiff failed to mitigate his/her/their alleged damages.

44. Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process Clause of the Fourteenth Amendment and the laws of the State of California.

45. In the event that a settlement is reached between Plaintiff and any other person or entity, Defendant Trans Union is entitled to any settlement credits permitted by law.

46. Any alleged damages to Plaintiff, which Trans Union continues to deny, were caused in whole or in part by an intervening or superseding cause.

47. Plaintiff lacks standing to assert the claims alleged in this action against Trans Union.

48. The Court lacks subject matter jurisdiction over the claims asserted in this action against Trans Union.

49. In the interest of justice, Trans Union may seek to transfer this matter pursuant to 28 U.S.C. § 1404, as this Court is not the most convenient venue for the parties and witnesses.

50. Plaintiff's claim for declaratory relief is not authorized, provided for, or allowed under the FCRA.

51. Any credit report or information released by Trans Union to a third party concerning Plaintiff was done with Plaintiff's explicit or implicit consent.

52. Trans Union reserves the right to assert additional defenses that it may learn of through the course discovery.

53. Trans Union, in compliance with the FCRA and CCRAA, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

54. Trans Union at all times acted in compliance with the FCRA and CCRAA.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint dismiss the action in its entirety, grant Defendant its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the Court deems just.

DATED: November 7, 2023          QUILLING, SELANDER, LOWNDS,
                                  WINSLETT & MOSER, P.C.


                                  By: */s/ Ritika Singh*
                                      Ritika Singh
                                      Counsel for Trans Union LLC

# CERTIFICATE OF SERVICE

**STATE OF TEXAS, COUNTY OF COLLIN**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Collin, State of Texas. My business address is 6900 N. Dallas Parkway, Suite 800, Plano, TX 75024.

On November 7, 2023, I served true copies of the following document(s) described as **DEFENDANT TRANS UNION LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING**: I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 7, 2023, at Plano, Texas.

*/s/ Ritika Singh*
Ritika Singh

9

6630646.2

## SERVICE LIST

| | |
|---|---|
| Alexander B. Trueblood<br>alec@hush.com<br>Trueblood Law Firm<br>10940 Wilshire Blvd., Suite 1600<br>Los Angeles, CA 90024<br>(800) 616-9325<br>**Counsel for Plaintiff** | Jeffrey A. Paris<br>jeffrey@parisandparis.com<br>Paris and Paris LLP<br>424 Pico Blvd.<br>Santa Monica, CA 90405<br>(310) 392-8722<br>(310) 392-1768 Fax<br>**Counsel for National Credit Systems, Inc.** |

6630646.2