ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone: (800) 616-9325
Facsimile: (800) 616-9325
Email: alec@hush.com

Attorneys for Plaintiff
LISA KREJCI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA KREJCI,<br><br>        Plaintiff,<br><br>vs.<br><br>NATIONAL CREDIT SYSTEMS, INC., and TRANS UNION LLC,<br><br>        Defendants. | Case No: 2:23-cv-6709-MEMF(RAOx)<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF:**<br><br>**1. The Fair Debt Collection Practices Act**<br><br>**2. The Consumer Credit Reporting Agencies Act**<br><br>JURY TRIAL DEMANDED |

Plaintiff Lisa Krejci hereby complains against defendant National Credit Systems, Inc. ("NCS") and alleges as follows:

## OPERATIVE FACTS

1. This case is brought for violations of the Fair Debt Collection Practices Act ("FDCPA"), and parallel state law.

2. Plaintiff leased an apartment for personal, family, or household use. Plaintiff ended her lease at the apartment complex and paid all amounts she owed to the landlord, Parc 410 Apartments. Nevertheless, Parc 410 referred the account to a debt collection agency, defendant National Credit Systems, Inc., claiming erroneously that plaintiff owed $138.07. In fact, plaintiff had met all her financial obligations to Parc 410, including the alleged $138.07, before Parc 410 ever referred the account to NCS.

3. In May, 2021, defendant NCS began reporting to the three major credit reporting agencies that plaintiff owed an unpaid debt of $138.07. Plaintiff complained to Parc 410 that she had already paid the debt. Parc 410 notified defendant NCS in May, 2021 that plaintiff had paid the debt, to stop collections, and not to report the account as in collections.

4. Defendant NCS ignored Parc 410 and did not close the account. On May 8, 2023, and on other occasions within the two years preceding the filing of the complaint in this matter, NCS knowingly or recklessly reported false information to the three major credit reporting agencies about plaintiff, including that she owed a balance of $138.07, that the balance was unpaid, and that the account was in collections.

5. In late May, 2023, plaintiff submitted written requests for reinvestigation to the three major credit reporting agencies as to the account under the Fair Credit Reporting Act, and included documentary proof of her payment to Parc 410, made before the collection assignment. Plaintiff incurred expense for the mailing of the three letters.

1

6. Defendant NCS received notice from Equifax of plaintiff's request for reinvestigation, and concluded that the information it was reporting on plaintiff's credit reports was inaccurate. NCS instructed the three credit reporting agencies to delete the account from plaintiff's credit reports, after plaintiff's dispute.

7. Plaintiff incurred out of pocket costs, experienced emotional distress, and suffered harm to her credit reputation as a result of NCS' violations of applicable law. If defendant NCS had complied with its duty under the FDCPA to not knowingly report inaccurate information, the derogatory account would have been promptly removed from plaintiff's credit report in May, 2021.

## JURISDICTION AND VENUE

8. The court has original jurisdiction over this matter pursuant to 15 U.S.C. 1692k(d).

9. Venue is proper in the Central District of California under 28 U.S.C. § 1391(b) because all defendants are residents of this state and district, under 28 U.S.C. § 1391(c)(2).

## PARTIES

10. Plaintiff is a natural person over the age of 18 years and is a resident of the state of California.

11. Defendant National Credit Systems, Inc. is a Georgia corporation with its principal place of business in Atlanta, Georgia.

## FIRST CAUSE OF ACTION
**(Against Defendant NCS for Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.)**.

12. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

13. Plaintiff is a "consumer" who allegedly owed a "debt", and defendant NCS is a "debt collector", as those terms are defined at 15 U.S.C. § 1692a. Defendant NCS uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or

2

regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. Defendant NCS violated 15 U.S.C. § 1692e(8) by communicating to the credit reporting agencies credit information about plaintiff which was known, or should have been known, to be false.

15. Defendant NCS violated 15 U.S.C. § § 1692f, including § 1692f(1), by attempting to collect from plaintiff amounts that were not owed, either under contract or applicable law.

16. Plaintiff is entitled to any actual damages sustained by her as a result of defendant's conduct, in an amount according to proof, pursuant to 15 U.S.C. § 1692k. Plaintiff has suffered actual damages, including harm to her credit reputation, emotional distress, the cost of disputing the account to the credit reporting agencies, the filing fee for the complaint in this matter, and attorneys fees.

17. Plaintiff is entitled to $1,000 in statutory damages against defendant NCS pursuant to 15 U.S.C. § 1692k. Defendant committed its violations willfully and knowingly, and has frequently and persistently failed to comply with the FDCPA. The nature of defendant's violations justifies the maximum statutory damages award available.

18. Plaintiff is entitled to the costs of the action, together with a reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CAUSE OF ACTION
**(Against Defendant NCS for Violations of the California Consumer Credit Reporting Agencies Act, Cal. Civil Code § 1785.1 et seq.)**

19. Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

20. Defendant NCS violated Civil Code § 1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting agency when it knew or should know have known the information was incomplete

3

or inaccurate.

22. 21. Plaintiff has suffered actual damages as a result of defendant's unlawful acts, including but not limited to harm to her credit reputation, court costs, attorneys fees, pain and suffering, and the cost of making her credit reporting disputes.

22. Defendant's violations of the Consumer Credit Reporting Agencies Act were negligent, entitling plaintiff to recover actual damages pursuant to Civil Code § 1785.31.

23. Defendant's violations of the Consumer Credit Reporting Agencies Act were willful, entitling plaintiff to recover punitive damages of up to $5,000 for each violation, and any other relief the court deems proper, pursuant to Civil Code § 1785.31.

24. Plaintiff is entitled to an award of attorneys fees and costs pursuant to Civil Code § 1785.31(d).

WHEREFORE, plaintiff prays for relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for the following relief:

1. For actual damages;
2. For statutory damages;
3. For punitive damages;
4. For pre-judgment interest to the extent permitted by law;
5. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and
6. For such other and further relief as the Court may deem just and proper.

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury under the United States and California constitutions.

Dated: July 24, 2024

Respectfully Submitted,

TRUEBLOOD LAW FIRM

By: _____/s/_____
Alexander B. Trueblood

Attorneys for Plaintiff
LISA KREJCI