Craig C. Marchiando (SBN 283829)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel: (757) 930-3660
Fax: (757) 930-3662
craig@clalegal.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA KREJCI,<br><br>                  Plaintiff,<br><br>v.<br><br>NATIONAL CREDIT SYSTEMS, INC.;<br>and TRANS UNION LLC,<br><br>                  Defendants. | No. 2:23-cv-06709-MEMF (RAOx)<br><br>**PLAINTIFF'S          [REDACTED]<br>MOTIONS *IN LIMINE***<br><br>Honorable Maame Ewusi-Mensah Frimpong<br><br>Pretrial Conference:   Oct. 1, 2025<br>Trial date:            Oct. 20, 2025 |

**TO THE HONORABLE COURT, DEFENDANT NATIONAL CREDIT SYSTEMS, INC. AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 1, 2025, or as soon thereafter as the motion may be heard, before the Honorable Maame Ewusi-Mensah Frimpong in Courtroom 8B of the United States District Court for the Central District of California, located at 350 West First Street, Los Angeles, CA, 90012, Courtroom 8B, 8th Floor, Plaintiff will move the Court for an order *in limine* to limit or exclude the presentation of certain evidence at trial. Plaintiff's Motion is based on Federal Rules of Civil Procedure 26 and 37 and the Federal Rules of Evidence, this Notice of Motion, the accompanying Memorandum of Law, and the exhibits attached thereto as well as any documents previously filed in this matter.

As explained in more detail in the below Memorandum of Law, there are several aspects of this case that Plaintiff expects NCS to support with evidence that was undisclosed, is irrelevant, or should be excluded on other bases discussed below. Under Federal Rules of Civil Procedure 26 and 37 and the Federal Rules of Evidence, exclusion oof or limiting the presentation of such evidence is appropriate.

## CERTIFICATE OF CONFERENCE

This Motion follows the conference of Counsel pursuant to District Local Rule 7-3, which took place September 2, 2025, between Craig Marchiando and Alec Trueblood for Plaintiff and Brett Goodman for NCS.

Respectfully submitted,

Lisa Krejci,

By:   /s/ Craig C. Marchiando
Craig C. Marchiando (SBN 283829)
**CONSUMER LITIGATION ASSOCIATES, P.C.**
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Tel: (757) 930-3660
Fax: (757) 930-3662
craig@clalegal.com

*Counsel for Plaintiff*

# MEMORANDUM OF LAW

## Overview

Pursuant to Federal Rules of Civil Procedure 26 and 37, Plaintiff seeks by this Motion to exclude or limit the presentation of several categories of evidence that were not disclosed during the discovery period, are irrelevant or unduly prejudicial, or not discoverable for other reasons.

The federal courts abhor a trial by ambush, and Rule 37 is the implementing statute for this principle. There are other principles that prevent Parties from surprising the opponent with information not previously disclosed or that is otherwise inadmissible, in the interest of conducting fair and balanced proceedings. Plaintiff asks that the Court enforce these precepts here, and as set forth below, restrict NCS's attempted use of impermissible or unfairly prejudicial evidence at trial.

## I.  Motion 1 – To Exclude Any Evidence or Testimony from Witnesses Not Disclosed During the Discovery Period.

NCS has signaled its intent to elicit testimony from two undisclosed witnesses, Patrick Taylor and Shari Hart, and to present evidence disclosed outside the discovery period from non-parties CTL Management and DHI Mortgage. (Ex. A, Trueblood Decl. ¶¶ 2–3.) Plaintiff also expects NCS to offer the second expert report of James Droske, which was served outside the period for expert discovery. (*Id*. ¶ 4.) These are multiple examples of which Plaintiff is aware of NCS's intent to surprise Plaintiff and use untimely evidence at trial, making exclusion of these categories of evidence and anything else not timely produced appropriate.

As to Mr. Taylor and Ms. Hart, neither was listed in NCS's Rule 26(a)(1) Disclosures (ECF 62-47), which the Court has already ruled do not comply with Rule 26. *Krejci v. Nat'l Credit Sys., Inc.*, No. 2:23-cv-06709-MEMF-RAO, 2025 WL 2459350, at *4 (C.D. Cal. Aug. 26, 2025). Under Rule 37(c)(1), therefore, these two witnesses are not permitted to testify at trial unless NCS can prove the untimely disclosure was substantially

1 justified or harmless. FED. R. CIV. P. 37(c)(1). Since the Court likewise concluded that "a party fails to show the non-disclosure was substantially justified or harmless if they wait until the motion for summary judgment to identify the likely witness," and this disclosure has occurred *after* summary judgment, NCS will be unable to show substantial justification or harmlessness. *Id.* As with Mr. Green, the tardy disclosure of Mr. Taylor and Ms. Hart "deprived Krejci of the opportunity to propound additional discovery specific to" these undisclosed witnesses, so they too should be excluded from testifying at trial.

The same goes for Mr. Droske's untimely second expert report. (ECF 62-16.) The deadline by which to serve rebuttal expert reports was April 22, 2025, and the close of expert discovery was May 6, 2025, dates NCS did not seek to enlarge with the Parties' most-recent request to modify the Scheduling Order. (*See* ECF 61 at 2; Ex. A, Trueblood Decl. ¶ 4.) NCS served Mr. Droske's second report on May 9, 2025, long after the deadline to serve rebuttal reports, and after the deadline by which expert discovery was to be completed. (ECF 62-16.) NCS did not seek relief from these deadlines before serving the report long after the deadlines expired, making this report also appropriately excluded under Rule 37(c)(1).

Though Mr. Droske styles the report as a "supplemental" report, that is simply done in the hope of arguing that since it is a supplement, it is fair to serve it after the deadlines. But nothing in Rule 26(a)(2)(E)'s supplementation mandate grants automatic relief from deadlines in the Scheduling Order. FED. R. CIV. P. 26(a)(2)(E). Nevertheless, this is not a true supplement because Mr. Droske does not rely on any new evidence in reaching his supplemental conclusions, nor does he (or NCS, for that matter) offer any explanation for such a late supplement. Under Rule 37(c)(1), this report should likewise be excluded.

Similarly, NCS has listed on its proposed Exhibit List documents obtained from non-parties CTL Management and DHI Mortgage, which NCS produced to Plaintiff after the close of discovery. (Ex. A, Trueblood Decl. ¶ 3.) Under Rule 37(c)(1), NCS is

1  prohibited from using those documents at trial, as their late disclosure prevented Plaintiff
2  from taking any follow-up discovery from either entity or noticing a deposition of a
3  representative to test the information the documents contain. *Krejci*, 2025 WL 2459350,
4  at *4.

5  These examples show the purpose of this Motion, which is to prohibit NCS from
6  unfairly sandbagging and surprising Plaintiff at trial with untimely disclosed evidence.
7  The Court should therefore grant this Motion, and rule that NCS may not present at trial
8  any untimely disclosed witness or evidence.

**II.   Motion 2 – To exclude any evidence or argument making reference to any party's statutory right to attorneys' fees, the amounts of those attorneys' fees, or that this litigation is allegedly motivated or driven by attorneys' fees.**

Should Plaintiff prevail at trial, she is entitled to recover reasonable attorneys' fees and costs pursuant to both statutes under which she has sued. 15 U.S.C. § 1692k; CAL. CIV. CODE § 1785.31(d). Since the Court will award attorneys' fees at the conclusion of the case, if any, there is no reason for any discussion of attorneys' fees in the jury's presence. Any such argument or evidence would be more prejudicial than probative. FED. R. EVID. 403. Since the Court will determine any entitlement to attorneys' fees after the trial is concluded, the jury should not hear any evidence or argument on this issue. FED. R. CIV. P. 54(d). Nor should NCS be permitted to suggest in any way to the jury that this litigation is brought for Plaintiff's attorneys' benefit or mainly to obtain attorneys' fees, when Congress and the California Legislature have expressly afforded aggrieved plaintiffs the right to attorneys' fees in these cases.

**III.   Motion 3 – To exclude any reference to or questions about** ████████ ████████████.





The Court should preempt any such discussion of  the probative value of such improper questioning would be far outweighed by the danger of unfairly prejudicing Plaintiff to the jury. FED. R. EVID. 403.

This information should further be excluded as irrelevant under Rule 401, as it does not have any tendency to make a fact more or less probable than without the information, and any fact to which it might be aimed is not of consequence to the action. FED. R. EVID. 401.

Finally, .

### IV. Motion 4 – To exclude any reference to Plaintiff's settlement agreement or negotiations with former defendant, Trans Union LLC.

There is no basis at all for NCS to discuss Plaintiff's settlement with TransUnion in the jury's presence. Whether Plaintiff has recovered from any other entity based on any other claims is irrelevant to the recovery to which he is entitled for her claims based on the FDCPA and CCRAA violations at issue by this Defendant. FED. R. EVID. 401. Whether Plaintiff recovered anything from any CRA—confidentiality of those settlements aside—

has no bearing on any remaining fact of consequence in this action, which is specifically limited to the question of whether NCS fulfilled its obligations to under the FDCPA and CCRAA in reporting the account to the credit bureaus. In addition, settlements, compromises, and offers to compromise are generally not admissible under Rule 408. FED. R. EVID. 408.

The long-held majority view of courts is that there is no set-off, joint-and-several liability, settlement credit, one-satisfaction, or other recovery-reducing principle in the FDCPA context. *Zook v. Equifax Info. Servs., LLC*, No. 3:17-cv-2003-YY, 2018 WL 10604347, at *2 (D. Or. July 2, 2018) (noting that "'the FDCPA does not contain any provision creating an implied or express right of contribution, indemnification, or equitable credit,' nor does federal common law create such a right") (quoting *Nelson v. Equifax Info. Servs., LLC*, 522 F. Supp. 2d 1222, 1239 (C.D. Cal. 2007)); *see Irwin v. Mascott*, 94 F.Supp.2d 1052, 1058 (N.D. Cal. 2000) (explaining that "the FDCPA provides very specific and articulated rights and remedies, leading one to conclude that if Congress had intended an explicit right to contribution or indemnity, it would have included it in the statute").

The same holding is true of courts considering the federal Fair Credit Reporting Act, which California courts have held are persuasive when interpreting the CCRAA.[1] *See Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495, 501 n.2 (4th Cir. 2007) (rejecting application of the one-satisfaction rule in FCRA case because Equifax failed to prove plaintiff sustained "a 'single indivisible harm,'" and further noting that "[a]rguably, the 'one satisfaction rule' does not even apply to FCRA claims") (collecting cases); *Salgado v. CitiGroup Corp. Holdings, Inc.*, 608 F. Supp. 3d 984, 988 n.4 (C.D. Cal. 2022) (noting "courts in this circuit have found that this rule does not apply to the FCRA") (collecting cases); *Cheetham v. Specialized Loan Servicing LLC*, No. 2:20-cv-762-JCC-DWC, 2021

---

[1] *Mahmood v. Nat'l Credit Sys., Inc.*, No. 24-cv-203-WQH-KSC, 2025 WL 1994780, at *21 n.19 (S.D. Cal. July 17, 2025).

WL 2137823, at *2 (W.D. Wash. May 26, 2021); *Zook*, 2018 WL 10604347, at *2 ("[M]ultiple courts have held that there is no equitable offset for causes of action under . . . the FCRA" (collecting cases)); *Vasquez-Estrada v. Collecto, Inc.*, No. 3:14-cv-01422-ST, 2015 WL 6163971, at *2 (D. Or. Oct. 20, 2015) ("Even if plaintiff sought duplicate damages, there is no express or implied right to an offset of amounts that plaintiff may have received in settlement from other FCRA defendants.").[2] Given this line of well-reasoned authorities, NCS will have no reasoned basis to convince the Court to adopt the minority view and have that settlement revealed at trial.

In addition, courts in this Circuit have held that "[o]ffset, set-off, and other doctrines under which a defendant may reduce liability based on third-party settlements are affirmative defenses." *Panchenko v. Bank of Am., N.A.*, No. 23-cv-04965-EKL, 2025 U.S. Dist. LEXIS 80606, at *9 (N.D. Cal. Apr. 28, 2025); *Fitzgerald v. Mercedes Benz USA, LLC*, No. 2:20-cv-06349-DSF (RAOx), 2022 WL 16958627, at *4–5 (C.D. Cal. Oct. 28, 2022) (collecting cases so holding); *Borges v. County of Humboldt*, No. 15-cv-00846 YGR, 2017 WL 4552006, at *1 (N.D. Cal. Oct. 12, 2017) (same). NCS has not pleaded any such doctrine as an affirmative defense (ECF 39 at 5–7), so it should not be permitted to present one to the jury.

Finally, even should the settlement be revealed despite its confidentiality provision, it is a useless, lump-sum payment that provides no breakdown that would permit the Court to apply it to any amount the jury might award Plaintiff for NCS's malfeasance. NCS lost this very issue post-trial in *Ward*, where that court held "Plaintiff's counsel represents that the settlement agreements with the CRAs were for lump-sum payments with no apportionment for emotional distress damages and contain no admissions of liability. It

---

[2] Plaintiff expects that in response NCS will direct the Court to cases holding the opposite of these, but those cases are accurately regarded as the minority view on the topic. *See Hoerchler v. Equifax Info. Servs., LLC*, 568 F. Supp. 3d 931, 936–37 (N.D. Ill. 2021) ("In contrast, the minority rule—represented in cases from the Northern District of Alabama—is that the one-satisfaction rule does apply to FCRA claims.").

would not be possible to determine the portion of the settlement amounts that is properly attributable to emotional distress damages." *Ward v. Nat'l Credit Sys., Inc.*, No. 21-cv-02597-NYW-JPO, 2025 WL 370373, at *20 (D. Colo. Feb. 3, 2025). Nothing is different here, making discussion of the settlement with TransUnion in the jury's presence inappropriate. The Court should therefore order it excluded.

## V. Motion 5 – To exclude any reference to the no-records result of Plaintiff's subpoena to third party Charter Communications, Inc.

Plaintiff expects NCS to continue to complain, as it did at the summary-judgment hearing, that Plaintiff did not provide to it the no-records result from her subpoena to Charter Communications. The Court should prevent such discussion at trial, for a host of reasons.

First, Plaintiff is not using anything provided by Charter, so she is not obligated to disclose it to NCS. FED. R. CIV. P. 26(a)(1), 26(e), 37(c)(1). Second, NCS is not entitled to the subpoena response under Rule 45 or any other Rule of Civil Procedure. FED. R. CIV. P. 45. Third, NCS has not served a discovery request into which the subpoena response fits, so Plaintiff is again under no obligation to disclose it to NCS. Finally, as noted in the attached Declaration of Alexander Trueblood, a clerical error resulted in no records being found by Charter. (Ex. A, Trueblood Decl. ¶¶ 5–6.) There is therefore nothing to share. Plaintiff's Counsel has explained this to NCS's Counsel repeatedly, but still expects NCS to raise the issue at every opportunity

Separately, any discussion of the subpoena response would be inappropriate under Rule 403, as it could be used only as an attempt to paint Plaintiff or her Counsel as—inaccurately—failing to meet their discovery obligations. Such a strategy is inappropriate, as it does not make any fact of consequence more likely to be proven than without this information, and its probative value is substantially outweighed by the danger of unfair prejudice to Plaintiff. FED. R. EVID. 401, 403. The Court should therefore prohibit discussion of this issue in the jury's presence.

## Conclusion

For the foregoing reasons, the Court should grant Plaintiff's Motion and exclude the Declaration of Jonathan E. Green (ECF 62-6) and should preclude NCS from calling Mr. Green as a witness at trial.

Dated: September 3, 2025.

                Respectfully submitted,

                **LISA KREJCI**

                */s/ Craig C. Marchiando*
CRAIG C. MARCHIANDO (Cal. Bar No. 283829)
CONSUMER LITIGATION ASSOCIATES, P.C.
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: craig@clalegal.com

ALEXANDER B. TRUEBLOOD (Cal. Bar No. 150897)
TRUEBLOOD LAW FIRM
10940 Wilshire Boulevard, Suite 1600
Los Angeles, California 90024
Telephone: (800) 616-9325
Facsimile: (800) 616-9325
Email: alec@hush.com

Attorneys for Plaintiff
LISA KREJCI